DAVID ROGER
District Attorney
**CIVIL DIVISION**
By:  **LUCNDA L. COUMOU**
Deputy District Attorney
State Bar No. 005348
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada  89155-2215
(702) 455-4761
Fax No. (702) 382-5178
Attorneys for Defendant Clark County
District Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZACHARY KRISTON, AMERICAN ROYALTY CRUSADE, KINGS COURT COMMAND, LLC, KINGS COURT COMMAND CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, U.S. DISTRICT COURT OF NEVADA, GEORGE FOLEY, JAMES MAHAN, STATE OF COLORADO, MOFFAT COUNTY DISTRICT ATTORNEY, TONY PEROULIS, HARRY PEROULIS, DEL TURNER, FIRST NATIONAL BANK OF THE ROCKIES, STATE OF NEVADA, DIVISION OF PAROLE AND PROBATION, TERRA WEST REALTY, CHRISTINE ROBINSON, CHARLENE PROTO, BERNIE CHIPPOLETTI, FLAMINGO COURTYARD, LLC, JUSTICE COURT, LAS VEGAS TOWNSHIP, ANN ZIMMERMAN, VENETIAN HOTEL OPERATIONS, LLC, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER ROSENTHAL, OFFICER R. ANDERSON, OFFICER W. RADER, OFFICER MIDEBRANDT, OFFICER C. OBRIEN, HUTCHISON & STEFFEN, LLC, E. ROBERT SPEAR, MARK CONNOT, MARK HUTCHISON, HARRAH'S ENTERTAINMENT INC, CLARK COUNTY DISTRICT ATTORNEY, EIGHTH JUDICIAL | Case No:    2:09-CV-00708-RJC-LRL<br><br>**DEFENDANT CLARK COUNTY<br>DISTRICT ATTORNEY'S MOTION<br>TO DISMISS** |

MTD – *Kriston*                                          Page 1 of 9

```
DISTRICT COURT, VALERIE ADAIR,      )
MICHAEL ACCARDI, SANDRA             )
RATANA, BELL TRANS, BRENT           )
PERCIVAL, DARYLL ROSENBLATT,        )
                                    )
            Defendants.             )
_____)
```

# DEFENDANT CLARK COUNTY DISTRICT ATTORNEY'S MOTION TO DISMISS

COMES NOW Defendant, CLARK COUNTY DISTRICT ATTORNEY, through its attorney, DAVID ROGER, District Attorney, by LUCINDA L. COUMOU, Deputy District Attorney, and respectfully moves this Honorable Court for an Order granting this Motion to Dismiss.

This Motion to Dismiss is based upon the attached Points and Authorities and all other matters on file herein.

DATED this 30th day of August, 2009.

```
                        DAVID ROGER
                        DISTRICT ATTORNEY

                        By: /s/ Lucinda Coumou
                           LUCINDA L. COUMOU
                           Deputy District Attorney
                           State Bar No. 005348
                           500 S. Grand Central Pkwy.
                           P. O. Box 552215
                           Las Vegas, NV 89155-2215
                           Attorney for Defendant
                           CLARK COUNTY DISTRICT
                           ATTORNEY
```

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF DEFENDANT'S POSITION

Plaintiff's claims for violation of his civil rights by this moving Defendant, pursuant to 42 U.S.C. §1983, fail because:

1) The Plaintiff's Complaint fails to state a claim for relief against the Clark County District Attorney because prosecutors are entitled to absolute prosecutorial immunity.

2)  The Clark County District Attorney cannot be liable for conspiracy because the Plaintiff has dismissed the alleged co-conspirators.

3)  The Plaintiff's Complaint fails to plead sufficient facts to state a claim for violation of RICO.

## II.

## STATEMENT OF FACTS

The Plaintiff pled guilty to the crime of Unlawful Possession of an Electronic Stun Device, in violation of Nevada Revised Statute 202, and on May 1, 2007, he was sentenced to a minimum of twelve (12) months and a maximum of forty-two (42) months in the Nevada Department of Prisons. The Plaintiff now files this "Multi-District Class Action Complaint" (hereinafter referred to as "Complaint") against numerous Defendants. Since the filing of the Complaint, the Plaintiff has also filed a Notice of Voluntary Dismissal of Certain Defendants (Docket 9).

Defendant Clark County District Attorney is specifically named in three counts of the Plaintiff's Complaint: Count XVIII, alleging Conspiracy to Violate RICO along with Defendants Justice Court, Las Vegas Township, and Ann Zimmerman; Count XVIII (a duplicate number), alleging Conspiracy to Violate RICO along with Defendants Eighth Judicial District Court and Valerie Adair; and, Count XXVI, alleging Conspiracy to Violate RICO along with Eighth Judicial District Court and Valerie Adair. All of the above-named Defendants with whom the Clark County District Attorney's Office is alleged to have conspired to violate RICO, have been voluntarily dismissed from this case.

Throughout the Plaintiff's factual allegations in his Complaint, he references that the Clark County District Attorney engaged in various acts such as coercion, extortion, oppression, malicious prosecution, obstruction of justice, involuntary servitude, intentional infliction of emotional distress, interference with prospective business relations, breach of contract and deprivation of the intangible right to honest services of public officials.

//
//
//
//
//

# III.

# ARGUMENT

## A. THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE CLARK COUNTY DISTRICT ATTORNEY BECAUSE PROSECUTORS ARE ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.

The leading case on the scope of prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976), wherein the United States Supreme Court ruled that a prosecutor is absolutely immune from §1983 damages for his quasi-judicial activity. *Id.* at 430-431, 96 S.Ct. at 996. The Court explained that:

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.

*Id.* at 424-25, 96 S.Ct. at 992; cf. *Bradley v. Fisher*, 13 Wall., at 348, 20 L.Ed. 646; *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1217.

In an attempt to delineate the boundaries of its holding, the Court further stated that it agreed with the Court of Appeals' analysis of whether the prosecutor's "activities were intimately associated with the judicial phase of the criminal process" and thus were functions that fully deserved absolute immunity. The Court stated simply that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 430-31, 96 S.Ct. at 995.

In determining that prosecutors should enjoy absolute immunity, the *Imbler* court acknowledged that:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

*Id.* at 427-28, 96 S.Ct. at 993-94.

In this case, the Plaintiff alleges that the Clark County District Attorney engaged in various acts such as coercion, extortion, oppression, malicious prosecution, obstruction of justice, involuntary servitude, intentional infliction of emotional distress, interference with prospective business relations, breach of contract and deprivation of the intangible right to honest services of public officials - presumably all in conjunction with his criminal prosecution. Assuming for purposes of this Motion to Dismiss that the Plaintiff's allegations are true, it does not change the fact that the Clark County District Attorney, as a prosecutor, is still entitled to absolute prosecutorial immunity. It is important to remember that absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding. *Imbler*, at 428 & n.27, 96 S.Ct. at 994. The Clark County District Attorney is absolutely immune for the actions that his office took in prosecuting the Plaintiff's underlying criminal case.

**B.   THE CLARK COUNTY DISTRICT ATTORNEY CANNOT BE LIABLE FOR CONSPIRACY BECAUSE THE PLAINTIFF HAS DISMISSED THE ALLEGED CO-CONSPIRATORS.**

Defendant Clark County District Attorney is specifically named in three counts of the Plaintiff's Complaint: Count XVIII, alleging Conspiracy to Violate RICO along with Defendants Justice Court, Las Vegas Township, and Ann Zimmerman; Count XVIII (a duplicate number), alleging Conspiracy to Violate RICO along with Defendants Eighth Judicial District Court and Valerie Adair; and, Count XXVI, alleging Conspiracy to Violate RICO along with Eighth Judicial District Court and Valerie Adair. All of the above-named Defendants with whom the Clark County District Attorney's Office is alleged to have conspired to violate RICO, have been voluntarily dismissed from this case.

A conspiracy, by definition, requires two or more persons. The Clark County District Attorney is the only remaining Defendant in the three causes of action against him. Therefore, the Clark County District Attorney should the Complaint against the Clark County District Attorney should be dismissed.

//

//

### C. THE PLAINTIFF'S COMPLAINT FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM FOR VIOLATION OF RICO

Recently, the United States Supreme Court addressed the issue of whether a complaint pled facts sufficient to state a claim for purposeful and unlawful discrimination in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, __ U.S. __, (2009). There a Muslim Pakistani pretrial detainee brought an action against current and former government officials for actions they took against him in connection with his confinement, which he believed were unconstitutional. The Court ruled that Iqbal's complaint failed to plead sufficient facts to state a claim for purposeful and unlawful discrimination because purposeful discrimination requires more than intent, it involves a decision maker's undertaking a course of action "because of," not merely "in spite of," that action's adverse effects upon an identifiable group." *Id.* at 1948-49, 1954.

The Court began its analysis by revisiting its decision in *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), which discussed the standard for evaluating whether a complaint is sufficient to survive a motion to dismiss. The Court reiterated its holding in *Twombly, supra*, that in light of Federal Rule of Civil Procedure 8(a)(2), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, at 1949, __ U.S. at __ (citing *Twombly, supra*, at 555, 127 S.Ct. 1955). The Court went on to note that "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal* at 1949, __ U.S. at __ (citing *Twombly* at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal* at 1949, __ U.S. at __ (citing *Twombly* at 557, 127 S.Ct. 1955).

The Court then explained that there are two working principles underlying its decision in *Twombly, supra*. First, the tenet that the court must accept as true all of the allegations contained in a complaint does <u>not</u> apply to <u>legal</u> conclusions. Although for purposes of a motion to dismiss, a court must take all of the factual allegations as true, it does not have to accept as true a legal conclusion couched as a factual allegation. Mere

recitals of the elements of a cause of action supported by only conclusory statements will not suffice. *Iqbal*, at 1949-50 (citing Twombly, supra).

The second principle underlying the Court's decision in *Twombly, supra*, is that a complaint must state a plausible claim for relief. An inquiry into plausibility will be a "context-specific task," requiring a court to draw on its judicial experience and common sense. *Iqbal*, at 1950, __ U.S. at __. The Court concluded this point by stating that:

> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not 'show[n]' – that 'the pleader is entitled to relief.

*Iqbal*, at 1950, __ U.S. at __.

In this case, the Plaintiff specifically names the Clark County District Attorney in three counts of the his Complaint: Count XVIII, alleging Conspiracy to Violate RICO along with Defendants Justice Court, Las Vegas Township, and Ann Zimmerman; Count XVIII (a duplicate number), alleging Conspiracy to Violate RICO along with Defendants Eighth Judicial District Court and Valerie Adair; and, Count XXVI, alleging Conspiracy to Violate RICO along with Eighth Judicial District Court and Valerie Adair. All of the above-named Defendants with whom the Clark County District Attorney's Office is alleged to have conspired to violate RICO, have been voluntarily dismissed from this case.

Throughout the Plaintiff's factual allegations in his Complaint, he references that the Clark County District Attorney engaged in various acts such as coercion, extortion, oppression, malicious prosecution, obstruction of justice, involuntary servitude, intentional infliction of emotional distress, interference with prospective business relations, breach of contract and deprivation of the intangible right to honest services of public officials. Even if the counts against the Clark County District Attorney remain, despite the dismissal of the Defendants with whom he allegedly conspired to violate RICO, the Complaint must fail because nowhere does the Plaintiff give facts supporting his allegation of a conspiracy, nor of a violation of RICO. Regarding the Clark County District Attorney, the Plaintiff alleges only that he was prosecuted for a crime. He does not provide any details about how the Clark County District Attorney coerced, extorted, oppressed or obstructed justice in his prosecution, other than to recite the procedural history of his criminal case.

The factual allegations in Plaintiff's Complaint regarding the Clark County District Attorney, if taken as true, are simply that he was prosecuted. The allegations of conspiracy and violation of RICO, are really just legal conclusions masquerading as factual ones. Mere recitals of the elements of a cause of action supported only by conclusory statements will not withstand a motion to dismiss. *Iqbal, supra*. Additionally, a court can not simply infer more than the mere possibility of misconduct. The Complaint must "<u>show</u>" that the pleader is entitled to relief. *Iqbal, supra*. Therefore, the Plaintiff has not plead facts sufficient to show that the Clark County District Attorney conspired to violate RICO.

## IV.
## CONCLUSION

Based upon the foregoing, Defendant Clark County District Attorney respectfully requests that this Honorable Court grant his Motion to Dismiss the Plaintiff's Complaint on file herein.

DATED this 30th day of August, 2009.

DAVID ROGER
DISTRICT ATTORNEY

By: /s/ Lucinda Coumou
LUCINDA L. COUMOU
Deputy District Attorney
State Bar No. 0005348
500 S. Grand Central Pkwy.
P. O. Box 552215
Las Vegas, NV 89155-2215
Attorney for Defendant
**CLARK COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF SERVICE BY U.S. MAIL

I hereby certify that on the 31st day of August, 2009, a true and correct copy of the foregoing **DEFENDANT CLARK COUNTY DISTRICT ATTORNEY'S MOTION TO DISMISS,** was deposited in the United States Mail, postage prepaid, at Las Vegas, Nevada, enclosed in a sealed envelope, to the parties addressed as follows:

ZACHARY KRISTON
4955 Lindell Road, #A-101
Las Vegas, Nevada, 89118
**Plaintiff in pro per**

_____
An Employee of the Clark County District
Attorney's Office – Civil Division