1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

ZACHARY KRISTON; AMERICAN ROYALTY )
9   CRUSADE; KINGS COURT COMMAND, LLC; )          2:09-cv-00708-RCJ-LRL
KINGS COURT COMMAND CORPORATION,  )
10                                                )
                            *Plaintiff,*          )          **ORDER**
11                                                )
                                                  )
            vs.                                   )
12                                                )
TONY PEROULIS; HARRY PEROULIS;    )
13  DEL TURNER; FIRST NATIONAL BANK  )
OF THE ROCKIES; TERRA WEST         )
14  REALTY; CHRISTINE ROBINSON;      )
CHARLENE PROTO; BERNIE             )
15  CHIPPOLETTI; FLAMINGO            )
COURTYARD, LLC; VENETIAN HOTEL     )
16  OPERATIONS, LLC; LAS VEGAS       )
METROPOLITAN POLICE                )
17  DEPARTMENT; HUTCHISON &          )
STEFFEN, LLC; E. ROBERT SPEAR;     )
18  HARRAH'S ENTERTAINMENT, INC.;    )
CLARK COUNTY DISTRICT              )
19  ATTORNEY; MICHAEL ACCARDI;       )
SANDRA RATANA; BELL TRANS;         )
20  BRENT PERCIVAL; and DARYLL       )
ROSENBLATT,                        )
21                                                )
                            *Defendants*.         )
22  _____ )

23

                          **INTRODUCTION**
24
        Before the Court are Plaintiff Zachary Kriston's Motion for District Judge to Reconsider

25  Order (#130); Defendant Harry Peroulis' Motion to Dismiss (#131); Defendant Tony Peroulis'

1   Motion to Dismiss (#132); and Defendant Daryll Rosenblatt's Motion to Dismiss (#133).  No

2   responsive pleadings have been filed in regards to Plaintiff's motion.  Plaintiff has filed a single

3   response in opposition (#134) to Defendants' motions to dismiss.

4          The Court has considered all of the pleadings filed by each party.

5          IT IS HEREBY ORDERED THAT Plaintiff Zachary Kriston's Motion for District Judge to

6   Reconsider Order (#130) is DENIED.

7          IT IS FURTHER ORDERED THAT Defendants Harry Peroulis, Tony Peroulis, and Daryll

8   Rosenblatt's motions to dismiss (## 131–33) are GRANTED.  The claims against these defendants

9   are dismissed with prejudice, thereby resolving all claims in this case.

10         IT IS FURTHER ORDERED THAT Plaintiff's Motion to Amend (#121) and Plaintiff's

11  Motion for Leave to File Amended Complaint (#126) are DENIED as moot.

12                                          **BACKGROUND**

13         Plaintiff Zachary Kriston ("Plaintiff" or "Kriston"), having been found liable for embezzling

14  over $3,400,000.00 from defendant Tony Peroulis, now brings this lawsuit against the parties

15  involved in the previous suit. *See Peroulis v. Kozak ("Kozak")*, No. 2:07-cv-00284-JCM-GWF, slip

16  op. (D. Nev. June 5, 2008) (Order Granting Motion for Entry of Final Judgment, to Voluntarily

17  Dismiss Plaintiff's Remaining Causes of Action, and for Release of Funds). Kriston's complaint

18  originally included the police officers who arrested him, a judge who sentenced him for his crimes,

19  and the parole and probation officers and governments who oversaw his incarceration. Many of these

20  parties have been voluntarily dismissed from the case.

21         Beginning in about January or February, 2004, Kriston solicited and began receiving money

22  from Defendant Tony Peroulis. Kriston represented that he, Kings Court Command Corporation (the

23  "Corporation"), and Kings Court Command, LLC (the "LLC") were using this money to build a

24  number of "six star" resorts in locations including Hawaii and Colorado. Between early 2004 and

25

1  January, 2007, Peroulis provided about $322,500.00 to the LLC and about $3,095,250.00 to the
2  Corporation.

3       Rather than use the funds for legitimate business purposes, it appears that Kriston spent a
4  small portion of the money on himself and lost the vast majority of the money in Las Vegas, Nevada
5  casinos. Kriston admitted these facts in his sworn deposition taken on April 16, 2007 in the Clark
6  County Detention Center in Las Vegas, Nevada. (Kriston Deposition, #103 Ex. 10, No.
7  2:07-cv-00284-JCM-GWF).

8       On or around, December 12, 2006, Sandra Ratana ("Ratana") delivered twenty-five thousand
9  dollars ($25,000) in cash to Bad Boys Bail Bonds ("Bad Boys"), as collateral for the posting of two
10  bond. The first bond was posted in Clark County Justice Court Case No.: 05M08126X, in the
11  amount of three thousand dollars ($3000) on behalf of Plaintiff Zachary Kriston ("Kriston") who
12  was charged with one (1) count of Battery Constituting Domestic Violence in that case. The second
13  bond was posted in Clark County Justice Court Case No.: 06F08362X, again on behalf of Kriston:
14  one (1) count Possession of a Stun Gun; one (1) count of Bomb Threat; one (1) count of Carrying
15  a Concealed Weapon; one (1) count of Possession of Cocaine; and, one (1) count of Ex-Felon in
16  Possession of Firearm. On behalf of Bad Boys, Defendant Accardi accepted the cash collateral
17  posted by Ratana and posted the Subject Bonds.

18       After posting of the Subject Bonds, Kriston was released. During the course of the two
19  pending criminal cases, Kriston bench warranted on three separate occasions. On March 9, 2007, Las
20  Vegas Metropolitan Police Department officers arrested Kriston at Harrah's hotel in Las Vegas,
21  Nevada. Kriston was wanted on a no bail warrant issued by the Eighth Judicial District Court in
22  response to Kriston failing to appear at a sentencing hearing on December 19, 2006. On about April
23  16, 2007, the Nevada Department of Corrections took custody of Kriston and transferred him to the
24  High Desert Prison Facility in Indian Springs, Nevada. The State of Nevada subsequently transferred

25

1  Kriston to an adjoining facility, the Southern Desert facility. Upon Kriston's arrest, Accardi

2  conducted a "paper surrender" of Kriston, in accordance with Nevada Administrative Code 697.550.

3  Additionally, pursuant to Nevada Revised Statutes 297.320, Accardi refunded the $25,000 dollar

4  cash collateral posted with Bad Boys. In accordance with Nevada law regarding return of cash

5  collateral provided on behalf of a defendant, Accardi refunded the cash collateral posted with Bad

6  Boys back to Ratana.

7       On March 6, 2007, Peroulis sued Kriston, the LLC, and the Corporation in the United States

8  District Court for the District of Nevada. Peroulis hired Defendant Hutchison & Steffen, LLC

9  ("H&S") to represent him in this case. Defendant E. Robert Spear ("Spear"), Mark Connot, and

10  Mark Hutchison all worked for H&S at that time and worked on Peroulis' file. Peroulis asserted

11  numerous causes of action against Kriston, the LLC, and the Corporation, including embezzlement,

12  breach of contract, breach of the implied covenant of good faith and fair dealing, and alter ego.

13  Kriston attempted to represent the LLC and the Corporation. Since Kriston was not and is not a

14  lawyer admitted to practice law in any jurisdiction in the United States, the LLC and the Corporation

15  never answered the complaint and had default judgment entered against them on October 30, 2007

16  in document no. 86 on the docket in case no. 07- 00284. The United States District Court denied the

17  LLC and the Corporation's motion to set aside the default judgment in document no. 115 on the

18  docket in case no. 07-00284.

19       Peroulis also sought summary judgment against Kriston in case no. 07-cv-00284- JCM-GWF

20  on his causes of action for embezzlement, breach of contract, breach of the implied covenant of good

21  faith and fair dealing, and alter ego. The Court granted summary judgment to Peroulis after making

22  specific findings that Kriston had embezzled the funds Peroulis provided to him, that Kriston had

23  breached the contracts between himself and Peroulis, that Kriston had breached the implied covenant

24  of good faith and fair dealing Kriston owed to Peroulis, and that the LLC and the Corporation were

25  the alter egos of Kriston.

On about November 15, 2007, Defendant Ratana approached H&S and offered to turn over about $21,695.00 in her possession. These funds were apparently left over from money Kriston had used as a cash bond for bail. Kriston apparently posted this bond in about December, 2006 in connection with the arrest and criminal charges arising out of an incident at the Venetian Hotel and Casino in May, 2006. Ratana had previously spoken to H&S in her capacity as a witness in Peroulis' lawsuit against Kriston, the LLC, and the Corporation. During these previous interview, Ratana had informed H&S that she had possession of the funds, but claimed that she owned the funds.

Upon receiving the funds, H&S informed the United States District Court, Kriston, the LLC, and the Corporation it had the funds and subsequently filed a motion for a pre-judgment writ of attachment. The Court granted the motion and allowed H&S to continue holding the funds in its trust account. On information and belief, Peroulis eventually executed on these funds after obtaining a judgment against Kriston.

On January 19, 2010, the Ninth Circuit Court of Appeals affirmed the district court's disposition of the 07-00284 case against Plaintiff.  On February 12, 2010, this Court dismissed all claims by Plaintiff, except for the claims against Defendants Harry Peroulis, Tony Peroulis, and Daryll Rosenblatt ("Defendants"). (#128). Defendants had requested dismissal in their answer (#39) to Plaintiff's complaint, but had not made a motion for dismissal.  Defendants now bring motions to dismiss before the Court.  Plaintiff also seeks for the Court to reconsider its previous Order.

**DISCUSSION**

**I.     Judicial Notice**

Federal Rule of Evidence 201 allows this Court to take judicial notice of adjudicative facts that are not subject to reasonable dispute that are either generally known within the territorial jurisdiction of the Court or that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Judicial notice may be requested at any point in a proceeding and shall be granted when the Court is supplied with the necessary information.

1    Here, filings from the docket in case no. 07-00284 in the United States District Court for the

2    District of Nevada are properly the subject of judicial notice. The docket and the documents filed

3    on the docket are capable of accurate and ready determination by resort to a source whose accuracy

4    cannot reasonably be questioned– the PACER system. Therefore, the Court takes judicial notice of

5    the filings in that case.

6    **II.    Plaintiffs' Motion for District Judge to Reconsider (#130)**

7         **A.    Legal Standard**

8         Federal Rule 60(b) authorizes a trial court to reconsider a judgment or order. *See also De*

9    *Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district

10   court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).  The party seeking Rule

11   60(b) relief bears the burden of proving that the prerequisites for such relief are satisfied, which are

12   limited to the narrow grounds enumerated in the Rule. *United Student Funds, Inc. v. Wylie (In re*

13   *Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006).  Generally, the grounds that the moving party may

14   argue require a showing that events surrounding the judgment make its enforcement unfair or

15   inappropriate. *Id.*

16        More specifically, Rule 60(b)(1) authorizes relief from judgments for "mistake, inadvertence,

17   surprise, or exusable neglect." Fed. R. Civ. P. 60(b)(1).  The Ninth Circuit, pursuant to Rule

18   60(b)(1), permits a court to reconsider its Orders and Judgments. *Kingsvision Pay-Per-View v Lake*

19   *Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).  Additionally, Rule 60(b)(6) permits a court to

20   reconsider an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  This Rule

21   applies to final judgments or orders.  Insofar as the Court seeks to reconsider interlocutory orders,

22   the Court "possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory

23   order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica*

24   *Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553

25   (5th Cir. 1981)).  Dismissal of the case for lack of subject matter jurisdiction is a final judgment,

1  which is properly appealable under Rule 60.  Denial of intervention of right is considered a final

2  judgment, reviewed de novo by the Ninth Circuit, whereas the denial of a motion for permissive

3  intervention is not deemed an appealable final rule and is thereby reviewed for abuse of discretion.

4  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950, 955 (9th Cir. 2009).

5        **B.      Analysis**

6        Plaintiff brings no legitimate basis for his motion to reconsider.  Plaintiff argues that the basis

7  for his motion is clear error by this Court.  Plaintiff goes so far as to make the following claim: "Mr.

8  Kriston is not entirely convinced that such Order (#128, hereinafter described as the "Order") was,

9  or even could have been, drafted by Honorable Judge Robert C. Jones as 'clearly erroneous'

10  conclusions of law, supported by irrelevant case law, are viewed as reversed, vacated, or otherwise,

11  remanded." (Motion at pg. 6, #130).  Despite the extremity of the claim, Plaintiff makes no legally

12  cognizant argument for reconsideration.   Rather, Plaintiff makes the exact same arguments

13  considered and rejected by this Court in its previous Order.  As Plaintiff fails to bring any legitimate

14  basis for reconsideration under Federal Rule of Civil Procedure 60(b) and Plaintiff's claims are

15  without merit, denial of Plaintiff's motion is appropriate.

16  **III.   Defendants' Motions to Dismiss (## 131, 132, 133)**

17        **A.      Rule 12(b)(6) Legal Standard**

18        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

19  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what

20  the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

21  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails

22  to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the

23  complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir.

24  1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim,

25  dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally

cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.    Analysis**

Defendants move for the Court to dismiss all claims against them.  Each Defendant filed separate motions to dismiss, which are identical in substance.  Accordingly, Plaintiff files a single response in opposition.  Defendants' motions are simple, seeking that the Court dismiss all claims as the Court has already done with all other defendants in the case.  Plaintiff spends a significant amount of time discussing the Defendants involvement in this case and accusing Defendant Rosenblatt of appearing unlawfully on behalf of his Co-Defendants Tony Peroulis and Harry Peroulis and claiming that Rosenblatt is repeatedly committing forgery.  These appear to be baseless allegations.  Regardless, Plaintiff's claims are without merit, merely an attempt to collaterally attack the judgement in case no. 07-00284.  Accordingly, dismissal is proper.

**1.    Federal RICO statute**

Plaintiff's claims are insufficient to survive dismissal.  Plaintiff attempts to allege claims of relief under Federal RICO statutes 18 U.S.C. § 1962(c) and (d). Section 1962(c) states:

> It shall be unlawful for any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). A claim under § 1962(c) requires allegation of (1) conduct (2) of an enterprise affecting or engaged in interstate commerce (3) through a pattern (4) of racketeering activity. *See Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).  Section 1962(d), governing conspiracy to commit a RICO violation, states "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  Such claims must be alleged with specificity.  *See Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988).    The Ninth Circuit has

held that to meet the enterprise element, a plaintiff must allege facts that will demonstrate: (1) that defendant has "associated for a common purpose of engaging in a course of conduct"; (2) that there is an "ongoing organization either formal or informal" which "is a vehicle for the commission of two or more predicate crimes"; and (3) "that the various units function as a continuing unit," meaning that the "associates' behavior was ongoing rather than isolated activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). However, the enterprise must be an entity separate and apart from the "pattern of racketeering activity" of which a plaintiff alleges. *Turkette*, 452 U.S. at 583.

As to the third and fourth elements, section 1961(1) identifies the predicate acts that are sufficient to support a claim for a "pattern of racketeering." In order to qualify as a pattern, there must be at least two acts of racketeering activity. 18 U.S.C. § 1961(5). Isolated predicate acts are insufficient to establish a pattern or racketeering. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n.14 (1985). "It is the factor of continuity plus relationship which combines to produce a pattern." *Turkette*, 452 U.S. at 587 (quoting S. Rep. No. 91-617 at 158). Further there must also be a showing that the predicates "amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893 (1989). The Ninth Circuit has considered such factors as a single victim or predicate acts designed to achieve only one single event weigh against a finding of a pattern of racketeering. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992).

Kriston has not adequately alleged that Defendants engaged in any of the activities listed in 18 U.S.C. § 1961(1).  Plaintiff's allegations of RICO violations consist of wholly conclusory accusations.  In what he styles counts I, II, III, XI, XX, and XXIV, Kriston lists the following bases found in § 1961, albeit sometimes by incorrect terms, for his causes of action against Defendants for violation of RICO and conspiracy to violate RICO: making of extortionate credit extensions under 18 U.S.C. § 892; collection of extortionate credit under 18 U.S.C. § 894; wire fraud under 18 U.S.C § 1343; obstruction of justice under 18 U.S.C. § 1503; obstruction of justice and tampering with a

1   witness, victim, or an informant under 18 U.S.C. § 1512; extortion under 18 U.S.C. § 1951;

2   interstate travel in aid of extortion under 18 U.S.C. § 1952; involuntary servitude under 18 U.S.C.

3   1589; interstate transportation of stolen property under 18 U.S.C. 2314; and bank fraud under 18

4   U.S.C. § 1344. (Complaint ¶¶ 202, 210, 215, 256, 312, 335, #1).

5          A review of Kriston's complaint shows that he does not allege that Defendants engaged in

6   any of these activities. The essence of Kriston's complaint is that Defendants conspired by filing and

7   prosecuting a lawsuit against Kriston for Kriston's embezzlement of over $3,400,00.00 from

8   Defendants and that Defendants succeeded in obtaining a judgment against Kriston. This does not

9   embrace any of the definitions of "racketeering activity" that Kriston alleges in his complaint.

10  Kriston does not once allege that Defendants committed any of the actions Kriston identifies as the

11  bases of a RICO violation. Filing and winning a lawsuit does not constitute racketeering activity in

12  any manner as that term is defined in 18 U.S.C. 1961.

13         Kriston goes on to allege additional bases for civil RICO liability outside those

14  found in 18 U.S.C. § 1961. Specifically, he lists as bases for civil RICO liability what he terms as

15  threats of injury, perjury, conspiracy, embezzlement, misprision of felony, and bank entries.

16  (Complaint ¶¶ 202, 210, 215, 256, 312, 335, #1). Not only are these not proper bases for civil RICO

17  liability, Kriston also fails to allege that Defendants engaged in any of these actions or that they

18  conspired to engage in any of these actions. Underneath the verbosity and confusion that is the

19  complaint in this case, Kriston alleges nothing more than that Defendants succeeded in their lawsuit

20  against him.

21         As Plaintiff's complaint fails to allege that Defendants engaged in any activities that form

22  the bases for a cause of action for civil RICO or conspiracy to violate RICO, his claims are dismissed

23  with prejudice.

24                         **2.    Nevada's RICO statute**

25         Kriston also lists a number of Nevada state violations, apparently in an attempt to plead civil

RICO claims under Nevada state law. Kriston's complaint fails on these points for the same reasons as his causes of action under the federal RICO statute and should be also dismissed with prejudice. Like the federal statute, Nevada law also requires an the activity of an enterprise. An enterprise is defined as "1. Any natural person, sole proprietorship, partnership, corporation, business trust or other legal entity; and 2. Any union, association or other group of persons associated in fact although not a legal entity." Nev. Rev. Stat. 207.380. NRS 207.470 provides requisite acts that constitute a pattern of racketeering. NRS 207.400 defines unlawful activity as:

1. It is unlawful for a person:

(a) Who has with criminal intent received any proceeds derived, directly or indirectly, from racketeering activity to use or invest, whether directly or indirectly, any part of the proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of:

(1) Any title to or any right, interest or equity in real property; or

(2) Any interest in or the establishment or operation of any enterprise.

(b) Through racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any enterprise.

(c) Who is employed by or associated with any enterprise to conduct or participate, directly or indirectly, in:

(1) The affairs of the enterprise through racketeering activity; or

(2) Racketeering activity through the affairs of the enterprise.

(d) Intentionally to organize, manage, direct, supervise or finance a criminal syndicate.

(e) Knowingly to incite or induce others to engage in violence or intimidation to promote or further the criminal objectives of the criminal syndicate.

(f) To furnish advice, assistance or direction in the conduct, financing or management of the affairs of the criminal syndicate with the intent to promote or further the criminal objectives of the syndicate.

(g) Intentionally to promote or further the criminal objectives of a criminal syndicate by inducing the commission of an act or the omission of an act by a public officer or employee which violates his official duty.

(h) To conspire to violate any of the provisions of this section.

Nev. Rev. Stat. § 207.400.

1    Kriston's complaint fails to adequately allege that Defendants violated any of the provisions
2    of NRS 207.400. Kriston only alleges that Defendants brought a lawsuit against Plaintiff. Kriston's
3    complaint also fails to allege that Defendants engaged in any racketeering activity or any crimes
4    related to racketeering as defined in NRS 207.360. The actions Kriston lists in his complaint that he
5    alleges form the basis for his Nevada RICO causes of action are the following: extortion, extortionate
6    collection of debt in violation of NRS 205.322, forgery, embezzlement of money or property valued
7    at $250 or more, grand larceny, obtaining possession of money or property valued at $250 or more,
8    or obtaining a signature by means of false pretenses, offering of false evidence, influence, involuntary
9    servitude, and conspiracy.  (Complaint ¶¶ 202, 210, 215, 256, 312, 335, #1).

10    Kriston's cause of action for damages under Nevada's civil RICO statute are dismissed with
11    prejudice for the same reasons that the federal RICO claims are dismissed. Kriston fails to make a
12    legally cognizable allegation against Defendants.

13    Kriston also lists as bases for his Nevada civil RICO claims influence, involuntary servitude,
14    conspiracy, malicious prosecution, theft, coercion, obtaining personal identifying information,
15    possession of identity documents, and interference. These actions are not specifically listed in NRS
16    270.360 and NRS 270.400 and thus may not form the basis for a RICO claim. Regardless, Kriston
17    has not sufficiently pled that Defendants ever engaged in these actions or conspired to engage in
18    these actions.  These claims are frivolous.

19                    **3.      Plaintiff's Impermissible Collateral Attack**

20    Additionally, all of Plaintiff's claims should be dismissed because the complaint is nothing
21    more than an impermissible collateral attack on the judgment in case no. 07-cv-00284-JCM-GWF.
22    A party may obtain relief from a judgment in an independent action (separate from the action in
23    which the judgment was issued) only rarely and then only under unusual and exceptional
24    circumstances. *See* 11 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 2868 at 397-98.
25    It is not the function of an independent action to relitigate issues finally determined in another action

1   between the same parties, nor is it a remedy for inadvertence or oversight by the losing party in the

2   original action. *See id.* § 2868 at 398-99; *see also Bailey v. I.R.S.*, 188 F.R.D. 346, 355 (D. Ariz.

3   1999).  Once a judgment has been entered by a court of general jurisdiction, a presumption of

4   regularity attaches to the judgment, which may not be collaterally attacked unless it is void.

5       The complaint itself is proof that Plaintiff is attempting to collaterally attack the judgment

6   and rulings in case no. 07-00284. Kriston has sued everybody associated with the previous case–

7   Peroulis, the plaintiff, Peroulis counsel, the counsel Kriston hired for the LLC and the Corporation,

8   Brent Percival, the United States District Court Judge James Mahan, the United States Magistrate

9   Judge George Foley, and others.[1]  Kriston complains of the same facts and circumstances that were

10  the basis of Peroulis complaint in case no. 07-00284 and complains of the facts and circumstances

11  of case no. 07-00284 itself.  The following points address why the Court should not permit Plaintiff

12  to bring the instant action against Defendants.

13      • *The judgment ought, in equity and good conscience, to be enforced.*

14      The judgment in case no. 07-00284 ought to be enforced and Kriston should not be allowed

15  now to attack that judgment and the case proceedings. Kriston embezzled over $3,400,000.00 from

16  Peroulis. Kriston admits he gambled the funds and spent them on himself.

17      • *Kriston has no good defense to the causes of action on which the judgment in case no. 07-*

18  *00284 is founded.*

19      The Court in case no. 07-00284 has already ruled on the merits that Kriston, the LLC, and

20  the Corporation are liable for embezzlement, breach of contract, breach of the implied covenant of

21  good faith and fair dealing, and alter ego.

22

23
_____

24      [1]The following parties were dismissed by Plaintiff on July 29, 2009: Mark Connot; Division of Parole and Probation; Eighth Judicial District Court; George W. Foley, Jr; Mark Hutchison; L V Township Justice Court; James Mahan; Officer B. Mildebrandt; Moffat County District Attorney; Officer C. OBrien; Officer W. Rader; Officer

25  Rosenthal; State Of Nevada; State of Colorado; U.S. Department Of Justice; U.S. District Court of Nevada; United States of America; Ann Zimmerman; Valerie Adair and Officer R. Anderson.

1        • *There was no fraud, accident, or mistake which prevented the defendant in the judgment*

2 *from obtaining the benefit of his defense.*

3        Defendants never committed any fraud against Kriston or the entities. Kriston raised the

4 issues or alleged misconduct and fraud he complains of here in case no. 07-00284 in the many

5 documents he filed with the United States District Court for the District of Nevada and with the

6 Ninth Circuit Court of Appeals. The District Court for Nevada considered each issue and summarily

7 disposed of them and the Ninth Circuit has dismissed all but the latest of Kriston's appeal to have

8 his appeal heard en banc. Kriston may also not base his attack on the previous judgment on mistake

9 or accident. Kriston filed approximately thirty-seven (37) documents with the Court in case no. 07-

10 00284 and appeared at three hearings. There was no mistake or accident committed by the Court or

11 Defendants, and Kriston has identified none in his complaint here.

12        • *Kriston and the entities were at fault and negligent.*

13        Kriston and the entities had ample opportunity to litigate the issues Kriston complains about

14 in his complaint in this case. Among other things, Kriston argued in his defense in various filings

15 in case no. 07-00284 that Peroulis violated his obligations under the contracts he had with Kriston,

16 the Corporation, and the LLC. Kriston had more than ample opportunity to address the issue of the

17 funds Ratana turned over to Peroulis, which the Court allowed Peroulis to hold pursuant to a

18 prejudgment writ of garnishment. Kriston filed documents with the Court and sent letters to the

19 United States Department of Justice complaining of what he termed legal misconduct by Peroulis

20 counsel. Kriston filed several documents with the Court concerning the funds from Ratana he

21 discusses in his complaint. The LLC and the Corporation utterly failed to defend themselves. Even

22 after they obtained counsel in September, 2007, the entities did not file any answer or paperwork

23 with the Court until after the Court entered default judgment against them on October 30, 2009.

24 Kriston himself failed to ever file counterclaims, and the Court ultimately denied his motion to assert

25 counterclaims, which he filed after the close of discovery. Indeed, Kriston filed approximately thirty-

seven (37) different documents with the United States District Court in case no. 07-00284, including

an answer, a motion to dismiss, and six notices of appeal.

> • *There is an adequate remedy at law.*

Kriston admits in paragraph 163 of his complaint that his appeals from the decisions on case

no. 07-00284 are currently pending before the 9th Circuit Court of Appeals. This is an adequate

remedy at law.

For each of the foregoing reasons, Kriston's collateral attack on the judgment in case no. 07-

00284 should be rejected and his causes of action against Defendants should be dismissed with

prejudice.

### 4.    Plaintiff's Remaining Claims

Additionally, Plaintiffs' claims are barred and should be dismissed because they should have

been raised in the first case. Fed. R. of Civ. Proc. 13 provides as follows:

> (a) Compulsory Counterclaim.
> (1)    In General. A pleading must state as a counterclaim any claim that-
> -at the time of its service--the pleader has against an opposing party
> if the claim:
> (A)    arises out of the transaction or occurrence that is the subject
> matter of the opposing party's claim; and
> (B)    does not require adding another party over whom the court
> cannot acquire jurisdiction.

The causes of action Kriston alleges against Defendants in this case arise out of the same

facts– the same transactions and occurrences– as Defendants claimed against Kriston, the

Corporation, and the LLC in the first case. The sum and substance of Kriston's complaint against

Defendants is that Defendants were engaged in a pattern of racketeering with respect to their

relationship with Kriston, the Corporation, and the LLC and that Defendants filed the lawsuit in the

first case to continue the pattern of racketeering.

The claims Kriston asserts here, which he could have asserted against Defendants in the first

case, did not require adding any other parties over whom the United States District Court for the

District of Nevada could not assert jurisdiction. Kriston's claims against Defendants, finally set forth in this case and as absurd as they are, would not have required adding any other party to the first case.

Kriston, the Corporation, and the LLC had every chance to assert counterclaims in the original case before the United States District Court for the District of Nevada. They did not do so. They have now lost that right to pursue those claims here.

For the foregoing reasons, and the finding that Plaintiff's claims are frivolous and the opportunity to amend would be futile, they are dismissed with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff Zachary Kriston's Motion for District Judge to Reconsider Order (#130) is DENIED.

IT IS FURTHER ORDERED THAT Defendants Harry Peroulis, Tony Peroulis, and Daryll Rosenblatt's motions to dismiss (## 131–33) are GRANTED.  The claims against these defendants are dismissed with prejudice, thereby resolving all claims in this case.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Amend (#121) and Plaintiff's Motion for Leave to File Amended Complaint (#126) are DENIED as moot.

DATED: This 16th day of April, 2010.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE