**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZACHARY KRISTON, ) | |
|       Plaintiff, ) | |
|     v. ) | 2:09-cv-708-RCJ-LRL |
| ) | **ORDER** |
| TONY PEROULIS et al., ) | |
|       Defendants. ) | |

Currently before the Court is *pro se* Plaintiff Zachary Kriston's Motion to Vacate (#151) filed pursuant to Federal Rule of Civil Procedure 60(b).

**BACKGROUND**

In a previous case, case no. 2:07-cv-284-JCM-GWF, Plaintiff had been found liable for embezzling over $3,400,000 from Tony Peroulis. (*See* Order (#135) at 2). In April 2009, Plaintiff filed a 125-page complaint, in this Court, against 40 individuals who had been involved in the previous case. (Compl. (#1, 1-2, 1-3)). Plaintiff alleged multiple violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") and conspiracy to violate RICO. (*See generally* Compl. (#1-2, 1-3)). In February 2010, this Court dismissed all claims by Plaintiff, except for the claims against Defendants Harry Peroulis, Tony Peroulis, and Daryll Rosenblatt (collectively "Defendants") because they had not moved for dismissal. (*See* Order (#128); *see* Order (#135) at 5). After they moved for dismissal, this Court issued an order on April 16, 2010, dismissing all claims against Defendants with prejudice. (Order (#135) at 17).

In the April 16, 2010, order, the Court found that Plaintiff's complaint failed to allege federal and state violations of RICO and RICO conspiracy because Plaintiff failed to

adequately allege that Defendants had engaged in any predicate acts. (*Id.* at 10). The Court also found that Plaintiff's allegations consisted of "wholly conclusory accusations" and that Plaintiff did not once allege that Defendants had committed any of the actions that he identified as the bases of the RICO violations. (*Id.* at 10-11). The Clerk of the Court entered judgment in the case. (Judgment (#136)).

Plaintiff filed a notice of appeal. (Notice of Appeal (#141)). In August 2010, the Ninth Circuit dismissed the appeal. (Ninth Cir. Order (#144)).

Plaintiff now timely files the pending Rule 60(b) motion within one year after the entry of the judgment in this case. *See* Fed. R. Civ. P. 60(c)(1) (stating that a motion under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding"). (Mot. to Vacate (#151)).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

## DISCUSSION

In his motion to vacate, Plaintiff argues that the Court "must reconsider the inadvertent rulings that have foreclosed upon [his] rightful claims under the RICO Act." (Mot. to Vacate (#151) at 2). Plaintiff has filed "notices" for judicial review. (Notices (#150, 154)). Plaintiff asserts that these notices inform the Court of "errant activity" associated with case number 2:07-cv-284-JCM-GWF. (*Id.* at 1).

In this case, the Court denies Plaintiff's motion to vacate. Plaintiff's motion does not provide any evidence of inadvertence by this Court. Additionally, Plaintiff fails to demonstrate error in the Court's previous order dismissing his RICO claims for failure to state a claim. As such, the Court denies Plaintiff's motion to vacate (#151).

///

///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Vacate (#151) is DENIED.

Dated this 10th day of January, 2012.

_____
United States District Judge